UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Mark Sacha,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                    v.                                        09CV1119S

                                                              **Decision & Order**

Frank Sedita et al.,

                              Defendants.

_____

        Before the Court are the following motions: the plaintiff's motion to compel (Docket No.

41), the defendants' motion for a protective order and for extension of the discovery period

(Docket No. 46), and a joint motion to stay depositions (Docket No. 51).

**Background**

        The facts in this case were outlined in this Court's August 8, 2011 Decision & Order

(Docket No. 39), the familiarity with which is presumed. In sum, the plaintiff, Mark Sacha

("Sacha"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation

of his rights under the First Amendment to the United States Constitution, and upon the Public

Employees Whistle Blower Law (New York State Civil Service Law §75-b).  Named as

defendants are Erie County District Attorney Frank Sedita, III and the Erie County District

Attorney's Office. (Docket No. 1).  Sacha, a former Assistant District Attorney ("ADA"), asserts

1

that his employment as an ADA was terminated because he complained about a conflict of interest between Frank Sedita, the District Attorney's Office, former District Attorney Frank Clark and Steve Pigeon who was the target of a criminal investigation. Sacha further claims that he uncovered numerous instances of Election Law and Penal Law violations by Paul Clark, Timothy Clark, Steve Pigeon (the former Chairman of the Erie County Democratic Party), and others in connection with Paul Clark's campaign for Erie County Executive. (Docket No. 1 at ¶¶ 20-35).  On December 8, 2008, Paul Clark and the political committee "Friends of Paul Clark," pled guilty to a misdemeanor in connection with the illegal fund raising.  Michael Mullins' business, After Care Management Service, Inc. ("Aftercare") pled guilty to a similar misdemeanor on December 22, 2008. (Docket No. 1 at ¶¶ 59-60).  The plaintiff asserts that District Attorney Frank Sedita refused to allow Sacha to continue the investigation relating to Pigeon.  On September 27, 2009, Sacha made a statement to the news media revealing his concerns about a conflict of interest between the District Attorney's Office and Pigeon and the refusal to prosecute Pigeon. (Docket No. 1 at 77).  On October 5, 2009, Sacha was terminated from employment with the District Attorney's Office. This action followed.


**Motions to Compel and for a Protective Order**

The plaintiff moves to compel the deposition of certain witnesses. (Docket No.  41).  It appears that the plaintiff possesses certain documents obtained during the course of his investigation while employed as an ADA. The defendants have maintained that these documents are subject to the protections of "grand jury" documents, and that they may not be disclosed (or apparently used in this litigation). Based upon that assumption, the defendants instructed

2

witnesses Mary Beth Depasquale, Esq. (currently an ADA with the Erie County District

Attorney's Office) and Frank Clark, Esq. (the former District Attorney), not to answer deposition

questions relating to these documents. (Docket No. 41 at ¶4).

    The documents at issue consist of more than 400 pages, including various pleadings

drafted in connection with the prosecutions of Paul Clark and Aftercare. The majority of these

documents appear to be cancelled checks and bank statements from donors.  These documents

were, *inter alia*, the subject of prior motion practice. The defendants argued that the disclosure of

these documents, even to the defendants' counsel, was strictly limited under New York law.  To

this end, the defendants commenced a state court action seeking an Order finding that Sacha's

production of certain "grand jury documents" to his counsel in the instant litigation, and in turn,

plaintiff's counsel's production of those documents to defendants' counsel in response to the

defendants' document request in this action, constituted a violation of New York State grand jury

secrecy laws. (Docket No. 35 at ¶ 3).  On August 9, 2011, Judge Mark H. Dadd held that the

documents at issue were not subject to the disclosure prohibition found in CPL 190.25(4)(a).

Judge Dadd noted that the documents at issue had never been provided to the Grand Jury and that

the Grand Jury never even considered the matter.  (Docket No. 47-1, Exhibit C at page 3).

    In light of Judge Dadd's decision, the plaintiff sought to question DiPasquale and Frank

Clark with respect to these documents. Counsel for the defendants directed the witnesses not to

answer. The plaintiff seeks to re-depose DiPasquale and Frank Clark with respect to the areas

upon which they refused to testify. (Docket No. 41 at ¶ 6). The defendants move for a protective

order. The defendants note that they have filed an appeal of Judge Dadd's decision. (Docket No.

47 at ¶ 13).  Further, the defendants assert that Judge Dadd's decision does not permit the

plaintiff to disclose the document freely, but that the decision only ruled that the documents

could be disclosed to counsel. (Docket No. 47 at ¶¶9, 12).

The resolution of the state court litigation, whether in favor of the plaintiff or defendants,

does not preclude the use of the documents in this federal court case. Generally, federal law, not

state law, governs the discoverability of documents in a federal court action. Simpson v.

Pittsburgh Corning Corp., 901 F.2d 277 (2d Cir.1990); Pasternak v. Dow Kim, 275 F.R.D. 461

(S.D.N.Y. 2011). Although, in some instances, a stay of a civil action may be granted because

relevant documents are the subject of an on-going grand jury proceeding, the documents are not

precluded from eventual use in the civil action. See  Stamile v. County of Nassau, 2011 WL

1754125 (E.D.N.Y.,2011) citing Gustave v. City of New York, 2010 WL 3943428 at *3

(E.D.N.Y. 2010)(holding that a stay of a federal civil action pending resolution of a state criminal

case "will not unfairly prejudice plaintiffs" but rather "merely delay civil discovery, not prevent it

entirely"). In the instant case, the defendants do not allege that the documents are related to any

ongoing grand jury investigation which would be threatened by the production of the documents.

The defendants also cite authority to the effect that the interests of comity suggest that a district

court presented with a request to compel material which is the subject of grand jury proceedings,

should direct the parties to first formally petition the judicial officer who possesses supervisory

authority to grant or deny such access. (Docket No. 54 at pages 4-5). In this case, however, the

documents in question are not in the possession of the grand jury, and to the contrary, were not

presented to the grand jury. Thus, these cases are inapposite.

In Woodard v. City of New York,  2000 WL 516890 (E.D.N.Y. 2000), it was held that it

is within the power of the District Court to issue an order compelling production of sealed  files

4

in the custody of the district attorney. <u>Woodward</u>, 2000 WL 516890 *1-2 citing <u>Kymissis v.</u>

<u>Rozzi</u>, 1994 WL 376048 at *1–2 (S.D.N.Y. July 18, 1994). As noted above, the documents in

question are in the possession of the plaintiff. In any event, to the extent that the defendants are

asserting a "public interest privilege" with respect to these documents, the defendants have not

met their burden. As noted in <u>Woodward</u>, "[t]here must be specific support for the claim of

[public interest] privilege. Public interest is a flexible term and what constitute sufficient

potential harm to the public interest so as to render the privilege operable must of necessity be

determined on the facts of each case. Such a determination is a judicial one and requires that the

governmental agency come forward and show that the public interest would indeed be

jeopardized by a disclosure of information. Otherwise the privilege could be easily abused,

serving as a cloak for governmental misconduct." <u>Woodward</u>, 2000 WL 516890 *1-2 citing

<u>Cirale v. 80 Pine Street Corp.</u>, 35 N.Y.2d 113, 118–19 (1974). Here, the defendants argue that

the secrecy of the grand jury must be preserved.  Again, as noted above, it appears undisputed

that the documents at issue were not presented to the grand jury. The defendants have not

established a basis warranting application of the public interest privilege in this case.

While not in any way addressing the admissibility of these documents at trial, the

documents may be used in the pretrial discovery proceedings in this case.[1]  Because many of the

documents are bank statements and checks containing account numbers and other personal

information relating to third-parties, for the purposes of this action, the documents in questions

will be treated as "confidential."  To the extent not already accomplished, the plaintiff shall

---

[1]   Admissibility determinations will be made by the District Court Judge presiding over
any trial in this case.

disclose the documents to his counsel and produce the documents in question to the defendants' counsel. The documents may be used for the purposes of this lawsuit only. The documents shall not be disclosed to non-parties, with the exception of deposition witnesses. Deposition witnesses may be shown the documents during the course of the deposition, but are not to be provided with copies of the documents. The deposition transcripts which contain reference to the content of the documents will be treated as "confidential." Any documents to be filed, containing reference to the contents of these documents, or copies of the documents themselves, shall be filed under seal.

The motion to compel is granted and the motion for a protective order is denied, consistent with the above. The plaintiff shall be allowed to further depose DiPasquale and Frank Clark with respect to the areas of questioning to which they were directed by defendants' counsel not to answer.[2]

Both parties have requested attorneys fees be awarded in connection with the instant motions. The motions are denied without prejudice at this time, subject to being renewed at a later point in this litigation.

**Motions to Stay Depositions / Extend Discovery**

The defendants seek to extend the discovery period in this case to obtain a decision with respect to their appeal of Judge Dadd's decision. (Docket No. 46-1 at page 9). The plaintiff opposes the motion. (Docket No. 41 at ¶ 11). This issue is moot in light of the Court's above decision that the documents may be used for the purposes of this lawsuit.

---

[2]   Counsel for both parties have accused each other as inappropriately interrupting deposition witnesses. (Docket No. 41 at ¶ 10; Docket No. 46-1 at page 12). Counsel are directed to observe the rules of civility in practice in all further proceedings in this case.

The parties have also filed a joint motion seeking to stay depositions of Sacha and Sedita pending the resolution of the issues relating to the documents at issue. (Docket No. 51). This joint motion is granted *nunc pro tunc*. In addition, the defendants state that they were unable to take the deposition of Molly Musarra within the discovery period because of late notice that she is a potential witness and her unavailability.  (Docket No. 47 at page 7).   The documents at issue may be used at the depositions of Sacha, Sedita and Musarra. The amended scheduling order (Docket No. 40), provided that discovery be completed by December 30, 2011. With the exception of the depositions discussed herein, the parties have represented that discovery in this matter is "essentially complete". (Docket No. 52 at ¶ 6).  The following dates shall apply:

1.      **The depositions of DiPasquale, Frank, Sacha, Sedita and Mussara shall be completed by April 15, 2012. Except as mutually agreed upon by the parties, discovery in this case is otherwise closed.**

2.      This case has been referred automatically to the Alternative Dispute Resolution (ADR) program.  The parties are encouraged to continue efforts to resolve this case through mediation.  The referral to mediation shall terminate on **May  31, 2012.**  In the event that settlement is not reached, the case will progress toward trial, as scheduled below. The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

3.      In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **May 15, 2012**.

4.      In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be filed and served no later than **June 15, 2012**.

5.      No extension of the above cutoff dates will be granted
        except upon written joint motion, filed prior to the cutoff
        date, showing good cause for the extension.

6.      A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P.
        Rule 16(d) and Local Rule 16.1(j) will be held on at **July
        10, 2012 at 9:00 a.m.** with Judge Skretny.

7.      Trial is set to commence on **September 18, 2012 at 9:30
        a.m.** before Judge Skretny.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the

event of failure to comply with any direction of this Court.

## Conclusion

The motion to compel (Docket No. 41) is granted, the motion for a protective order and

to extend discovery until resolution of the state court litigation is denied (Docket No. 46). The

joint motion to stay the depositions of Sacha and Sedita is granted *nunc pro tunc*. (Docket No.

51).

So Ordered.


                                        /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
February 15, 2012