UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK SACHA,

                        Plaintiff,
v.                                                    **DECISION AND ORDER**
                                                                        09-CV-1119S

FRANK SEDITA, III, DISTRICT ATTORNEY
OF ERIE COUNTY, NEW YORK, and THE
ERIE COUNTY DISTRICT ATTORNEY'S
OFFICE,

                        Defendants.


1.     Defendants were granted summary judgment dismissing Plaintiff's complaint on October 21, 2012. Defendants then timely filed a bill of costs in accordance with Local Rule 54(a) seeking $3,694.34 in fees. Plaintiff requests that this Court exercise its discretion pursuant to Local Rule 54(d) and continue the award of costs until completion of his appeal in this case. Plaintiff raises no objection to the actual amount of fees sought by the bill of costs.

2.     Local Rule 54(d) provides that "the filing of an appeal shall not stay the taxation of costs" unless "otherwise ordered by the District Court, or the Circuit Court of Appeals." In arguing that a stay is warranted, Plaintiff highlights the fact that "[w]hen a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." Furman v. Cirrito, 782 F.2d 353, 355 (2d Cir. 1986). Although the possibility of reversal exists with respect to any part of a judgment being appealed, an appealing party is nonetheless required to post a

supersedeas bond in order to obtain a stay of a judgment.  See Fed. R. Civ. P. 62(d).  Plaintiff fails to offer a concrete argument sufficient to persuade this Court that a stay is warranted.  See E.E.O.C. v. Allied Sys., Inc., No. 97-CV-1396, 1999 WL 395377, *1 (N.D.N.Y. June 9, 1999)(requiring good cause be shown for the court to exercise its discretion and delay taxation of costs); Deering, Miliken & Co. v. Temp-Resisto Corp., 169 F. Supp. 453, 455 (S.D.N.Y. 1959)(declining to defer taxation of costs based on mere possibility of meritorious appeal); see also Barton v. Zimmer, Inc., No. 06-CV-208, 2010 WL 2541707, *2 (N.D.Ind. June 16, 2010)(rejecting argument that deferral is warranted based on possibility that successful appeal would moot the bill of costs).

3.     As noted, Plaintiff has not objected to the specific fee amounts listed in Defendants' Bill of Costs.  This Court nonetheless finds certain fee requests unsupported.  Pursuant to Local Rule 54(c), where a deposition is recorded stenographically, "the additional costs incurred for video recording [the same deposition] will not be taxed by the Clerk without a prior order from the Court or agreement of the parties."  Defendants submitted such duplicative invoices for the April 13, 2012 deposition of Plaintiff.  Inasmuch as there is no pertinent order or agreement, the fee for the video recording will not be awarded.  Further, Defendants failed to submit the required itemization and documentation for their requested printing fees and disbursements, therefore this amount will also not be awarded.

IT HEREBY IS ORDERED that the Clerk of the Court is directed to take the steps necessary to allow the taxation of costs in the amount of $2,401.30 and to include such

costs in the judgment, in accordance with 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Rule 54(a) of the Local Rules of Civil Procedure for the Western District of New York.

    SO ORDERED.

Dated: January 28, 2013
       Buffalo, New York

                                               /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Judge